LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo (Pro Hac Vice Ca. Bar No. 144074)
Eric Valenzuela (Pro Hac Vice Bar No. 284500)
21800 Burbank Boulevard, Suite 310
Woodland Hills, California 91367
Tel: (818) 347-3333 | Fax: (818) 347-4118
Email: dalekgalipo@yahoo.com, evalenzuela@galipolaw.com

Emily E. Howe, Esq. (SBN 293964)
Law Offices of Emily E. Howe
7710 Balboa Avenue, Suite 325
San Diego, California 92111
Telephone:  (619) 800-6605
emh@howelaws.com

John Burton (SBN 86029)
THE LAW OFFICES OF JOHN BURTON
128 North Fair Oaks Avenue
Pasadena, California 91103
Telephone: (626) 449-8300
jb@johnburtonlaw.com

*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOPHIA BHANDARI, et al., | Case No.: 21CV1652 BTM MDD |
| Plaintiffs, | **PLAINTIFFS' OBJECTIONS TO DEFENDANTS' PRETRIAL DISCLOSURES** |
| v. | |
| NATIONAL CITY, et al., | Final Pre-Trial Conference |
| Defendants. | Date: June 7, 2023<br>Time: 3:30 pm |

Plaintiffs hereby object to the following pretrial disclosures by the Defendants:

the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment

**PLAINTIFFS' OBJECTIONS TO DEFENDANTS' WITNESSES**

- Joshua David Kee Eira- Defendants never identified this individual as a witness  that they "may use to support its claims or defenses, unless the use would be solely for impeachment" pursuant to Fed. R. Civ. P. 26(a)(1)(A)(i), precluding Plaintiffs from the opportunity to conduct discovery as to Mr. Eira.  Not relevant under FRE 402 to the extent that his observations were not known to the involved officers prior to the incident and were not communicated to the involved officers prior to the incident.  Also objected to under FRE 403.

- Rami Tobiya- Defendants never identified this individual as a witness  that they "may use to support its claims or defenses, unless the use would be solely for impeachment" pursuant to Fed. R. Civ. P. 26(a)(1)(A)(i), precluding Plaintiffs from the opportunity to conduct discovery as to Mr. Tobiya.  Not relevant under FRE 402 to the extent that his observations were not known to the involved officers prior to the incident and were not communicated to the involved officers prior to the incident.  Also objected to under FRE 403.

- Aurora Reyes- Defendants never identified this individual as a witness  that they "may use to support its claims or defenses, unless the use would be solely for impeachment" pursuant to Fed. R. Civ. P. 26(a)(1)(A)(i), precluding Plaintiffs from

1   the opportunity to conduct discovery as to Ms. Reyes.  Not relevant under FRE 402

2   to the extent that her observations were not known to the involved officers prior to

3   the incident and were not communicated to the involved officers prior to the

4   incident.  Also objected to under FRE 403.

5   •       Warlito Reyes- Defendants never identified this individual as a witness  that

6   they "may use to support its claims or defenses, unless the use would be solely for

7   impeachment" pursuant to Fed. R. Civ. P. 26(a)(1)(A)(i), precluding Plaintiffs from

8   the opportunity to conduct discovery as to Mr. Reyes.  Not relevant under FRE 402

9   to the extent that his observations were not known to the involved officers prior to

10  the incident and were not communicated to the involved officers prior to the

11  incident.  Also objected to under FRE 403, 404-406 as improper character

12  evidence.

13  •       Kristopher Collins- Defendants never identified this individual as a witness

14  that they "may use to support its claims or defenses, unless the use would be solely

15  for impeachment" pursuant to Fed. R. Civ. P. 26(a)(1)(A)(i), precluding Plaintiffs

16  from the opportunity to conduct discovery as to Mr. Collins.

17  •       Michael Moore- Defendants never identified this individual as a witness  that

18  they "may use to support its claims or defenses, unless the use would be solely for

19  impeachment" pursuant to Fed. R. Civ. P. 26(a)(1)(A)(i), precluding Plaintiffs from

20  the opportunity to conduct discovery as to Mr. Moore.

21  •       Adam Pattison- Defendants never identified this individual as a witness  that

22  they "may use to support its claims or defenses, unless the use would be solely for

23  impeachment" pursuant to Fed. R. Civ. P. 26(a)(1)(A)(i), precluding Plaintiffs from

24  the opportunity to conduct discovery as to Mr. Pattison.

25  •       Dr. Jessee Sharratt- Defendants never identified this individual as a witness

26  that they "may use to support its claims or defenses, unless the use would be solely

27  for impeachment" pursuant to Fed. R. Civ. P. 26(a)(1)(A)(i), precluding Plaintiffs

28  from the opportunity to conduct discovery as to Dr. Sharratt.

1  • Dr. Johanna R. Gemelos- Defendants never identified this individual as a

2  witness  that they "may use to support its claims or defenses, unless the use would

3  be solely for impeachment" pursuant to Fed. R. Civ. P. 26(a)(1)(A)(i), precluding

4  Plaintiffs from the opportunity to conduct discovery as to Dr. Gemelos.

5  • Holly Beke Yang- Defendants never identified this individual as a witness

6  that they "may use to support its claims or defenses, unless the use would be solely

7  for impeachment" pursuant to Fed. R. Civ. P. 26(a)(1)(A)(i), precluding Plaintiffs

8  from the opportunity to conduct discovery as to Dr. Yang.

9  • Dr. Mayra E. Sanchez- Defendants never identified this individual as a

10  witness  that they "may use to support its claims or defenses, unless the use would

11  be solely for impeachment" pursuant to Fed. R. Civ. P. 26(a)(1)(A)(i), precluding

12  Plaintiffs from the opportunity to conduct discovery as to Dr. Sanchez.

13  • Dr. Jose Rafael Pena Defendants never identified this individual as a witness

14  that they "may use to support its claims or defenses, unless the use would be solely

15  for impeachment" pursuant to Fed. R. Civ. P. 26(a)(1)(A)(i), precluding Plaintiffs

16  from the opportunity to conduct discovery as to Dr. Pena.

17  • Dr. Miguel Angel Mendoza Navarro- Defendants never identified this

18  individual as a witness  that they "may use to support its claims or defenses, unless

19  the use would be solely for impeachment" pursuant to Fed. R. Civ. P.

20  26(a)(1)(A)(i), precluding Plaintiffs from the opportunity to conduct discovery as to

21  Dr. Navarro.

22  • Dr. Suzan Qusay Mahdai- Defendants never identified this individual as a

23  witness  that they "may use to support its claims or defenses, unless the use would

24  be solely for impeachment" pursuant to Fed. R. Civ. P. 26(a)(1)(A)(i), precluding

25  Plaintiffs from the opportunity to conduct discovery as to Dr. Mahdai.

26  • Dr. Feras Helou- Defendants never identified this individual as a witness

27  that they "may use to support its claims or defenses, unless the use would be solely

28  for impeachment" pursuant to Fed. R. Civ. P. 26(a)(1)(A)(i), precluding Plaintiffs

1  from the opportunity to conduct discovery as to Mr. Helou.

2  •      Dr. Rocio Maria Flores- Defendants never identified this individual as a

3  witness  that they "may use to support its claims or defenses, unless the use would

4  be solely for impeachment" pursuant to Fed. R. Civ. P. 26(a)(1)(A)(i), precluding

5  Plaintiffs from the opportunity to conduct discovery as to Dr. Flores.

6  •      Christina Covington- Defendants never identified this individual as a witness

7  that they "may use to support its claims or defenses, unless the use would be solely

8  for impeachment" pursuant to Fed. R. Civ. P. 26(a)(1)(A)(i), precluding Plaintiffs

9  from the opportunity to conduct discovery as to Ms. Covington.

10  •      Catherine Ocampo- Defendants never identified this individual as a witness

11  that they "may use to support its claims or defenses, unless the use would be solely

12  for impeachment" pursuant to Fed. R. Civ. P. 26(a)(1)(A)(i), precluding Plaintiffs

13  from the opportunity to conduct discovery as to Ms. Ocampo.

14  •      Christopher Burton- Defendants never identified this individual as a witness

15  that they "may use to support its claims or defenses, unless the use would be solely

16  for impeachment" pursuant to Fed. R. Civ. P. 26(a)(1)(A)(i), precluding Plaintiffs

17  from the opportunity to conduct discovery as to Mr. Burton.  Hearsay and not

18  relevant to the extent that the information he acquired regarding the investigation

19  was not known to the Defendant Officers at the time of the incident. Also objected

20  to under FRE 402 and 403.

21  •      Vivian Miramontes- Defendants never identified this individual as a witness

22  that they "may use to support its claims or defenses, unless the use would be solely

23  for impeachment" pursuant to Fed. R. Civ. P. 26(a)(1)(A)(i), precluding Plaintiffs

24  from the opportunity to conduct discovery as to Ms. Miramontes.  Not relevant

25  because the subject of her testimony is information that was not known to the

26  involved officers at the time of the incident.  Also objected to under FRE 402 and

27  403.

28  •      Angel Reyes- Defendants never identified this individual as a witness  that

they "may use to support its claims or defenses, unless the use would be solely for impeachment" pursuant to Fed. R. Civ. P. 26(a)(1)(A)(i), precluding Plaintiffs from the opportunity to conduct discovery as to Mr. Reyes.  Not relevant because the subject of their testimony is information that was not known to the involved officers at the time of the incident.  Also objected to under FRE 402 and 403.

- Susana Reyes- Defendants never identified this individual as a witness  that they "may use to support its claims or defenses, unless the use would be solely for impeachment" pursuant to Fed. R. Civ. P. 26(a)(1)(A)(i), precluding Plaintiffs from the opportunity to conduct discovery as to Ms. Reyes.  Not relevant because the subject of their testimony is information that was not known to the involved officers at the time of the incident.  Also objected to under FRE 402 and 403.

- David Greenberg- Defendants never identified this individual as a witness  that they "may use to support its claims or defenses, unless the use would be solely for impeachment" pursuant to Fed. R. Civ. P. 26(a)(1)(A)(i), precluding Plaintiffs from the opportunity to conduct discovery as to Mr. Greenberg.  Also not relevant because this prior incident was not known to the Defendant Officers prior to the incident.  Also objected to under FRE 402 and 403, and 404-406 as improper character evidence.

- Destiny Kruse- Defendants never identified this individual as a witness  that they "may use to support its claims or defenses, unless the use would be solely for impeachment" pursuant to Fed. R. Civ. P. 26(a)(1)(A)(i), precluding Plaintiffs from the opportunity to conduct discovery as to Ms. Kruse.  Also not relevant because this prior incident was not known to the Defendant Officers prior to the incident.  Also objected to under FRE 402 and 403, and 404-406 as improper character evidence.

- Joshua Johns- Defendants never identified this individual as a witness  that they "may use to support its claims or defenses, unless the use would be solely for impeachment" pursuant to Fed. R. Civ. P. 26(a)(1)(A)(i), precluding Plaintiffs from the opportunity to conduct discovery as to as to Mr. Johns.  Also not relevant because this prior incident was not known to the Defendant Officers prior to the incident.

Also objected to under FRE 402 and 403, and 404-406 as improper character evidence.

• Kevin Iwasaki- Defendants never identified this individual as a witness that they "may use to support its claims or defenses, unless the use would be solely for impeachment" pursuant to Fed. R. Civ. P. 26(a)(1)(A)(i), precluding Plaintiffs from the opportunity to conduct discovery as to Mr. Iwaskaki. Also not relevant because this prior incident was not known to the Defendant Officers prior to the incident. Also objected to under FRE 402 and 403, and 404-406 as improper character evidence.

• William Neal- Defendants never identified this individual as a witness that they "may use to support its claims or defenses, unless the use would be solely for impeachment" pursuant to Fed. R. Civ. P. 26(a)(1)(A)(i), precluding Plaintiffs from the opportunity to conduct discovery as to as to Mr. Neal. Also not relevant because this prior incident was not known to the Defendant Officers prior to the incident. Also objected to under FRE 402 and 403, and 404-406 as improper character evidence.

• Ismael Sanchez- Defendants never identified this individual as a witness that they "may use to support its claims or defenses, unless the use would be solely for impeachment" pursuant to Fed. R. Civ. P. 26(a)(1)(A)(i), precluding Plaintiffs from the opportunity to conduct discovery as to Mr. Sanchez. Also not relevant because this prior incident was not known to the Defendant Officers prior to the incident. Also objected to under FRE 402 and 403, and 404-406 as improper character evidence.

• Arthur Scott- Defendants never identified this individual as a witness that they "may use to support its claims or defenses, unless the use would be solely for impeachment" pursuant to Fed. R. Civ. P. 26(a)(1)(A)(i), precluding Plaintiffs from the opportunity to conduct discovery as to Mr. Scott. Also not relevant because this prior incident was not known to the Defendant Officers prior to the incident. Also

objected to under FRE 402 and 403, and 404-406 as improper character evidence.

- Brenda Calvario- Defendants never identified this individual as a witness that they "may use to support its claims or defenses, unless the use would be solely for impeachment" pursuant to Fed. R. Civ. P. 26(a)(1)(A)(i), precluding Plaintiffs from the opportunity to conduct discovery as to Ms. Calvario.  Also not relevant because this prior incident was not known to the Defendant Officers prior to the incident. Also objected to under FRE 402 and 403, and 404-406 as improper character evidence.

- Thomas Eglin- Defendants never identified this individual as a witness that they "may use to support its claims or defenses, unless the use would be solely for impeachment" pursuant to Fed. R. Civ. P. 26(a)(1)(A)(i), precluding Plaintiffs from the opportunity to conduct discovery as to Mr. Eglin.  Not relevant, FRE 402 and 403.  Plaintiffs intend to file a motion in limine to exclude the District Attorneys' findings and decision not file criminal charges.

- Stephen Marquardt- Defendants never identified this individual as a witness that they "may use to support its claims or defenses, unless the use would be solely for impeachment" pursuant to Fed. R. Civ. P. 26(a)(1)(A)(i), precluding Plaintiffs from the opportunity to conduct discovery as to Mr. Marquardt  Not relevant, FRE 402 and 403.  Plaintiffs intend to file a motion in limine to exclude the District Attorneys' findings and decision not file criminal charges.

- Summer Stephen- Defendants never identified this individual as a witness that they "may use to support its claims or defenses, unless the use would be solely for impeachment" pursuant to Fed. R. Civ. P. 26(a)(1)(A)(i), precluding Plaintiffs from the opportunity to conduct discovery as to Ms. Stephen.  Not relevant, FRE 402 and 403.  Plaintiffs intend to file a motion in limine to exclude the District Attorneys' findings and decision not file criminal charges.

- Joshua Lopez- Defendants never identified this individual as a witness that they "may use to support its claims or defenses, unless the use would be solely for

impeachment" pursuant to Fed. R. Civ. P. 26(a)(1)(A)(i), precluding Plaintiffs from the opportunity to conduct discovery as to Mr. Lopez.  his report is hearsay and was never designated as a non-retained expert, also never identified in Defendants' disclosures, precluding Plaintiffs from the opportunity to conduct discovery as to Mr. Lopez. FRE 402 and 403.

• John McGough Defendants never identified this individual as a witness  that they "may use to support its claims or defenses, unless the use would be solely for impeachment" pursuant to Fed. R. Civ. P. 26(a)(1)(A)(i), precluding Plaintiffs from the opportunity to conduct discovery as to Mr. McGough.  His report is hearsay and was never designated as a non-retained expert.  FRE 402 and 403.

• Darren Pierson-  Defendants never identified this individual as a witness  that they "may use to support its claims or defenses, unless the use would be solely for impeachment" pursuant to Fed. R. Civ. P. 26(a)(1)(A)(i), precluding Plaintiffs from the opportunity to conduct discovery as to Mr. Pierson.  His report is hearsay and was never designated as a non-retained expert. FRE 402 and 403.

• Steve Villariasa- Defendants never identified this individual as a witness that they "may use to support its claims or defenses, unless the use would be solely for impeachment" pursuant to Fed. R. Civ. P. 26(a)(1)(A)(i), precluding Plaintiffs from the opportunity to conduct discovery as to Mr. Villariasa.  His report is hearsay and was never designated as a non-retained expert. FRE 402 and 403.

• Brian Redikop-  Defendants never identified this individual as a witness  that they "may use to support its claims or defenses, unless the use would be solely for impeachment" pursuant to Fed. R. Civ. P. 26(a)(1)(A)(i), precluding Plaintiffs from the opportunity to conduct discovery as to Mr. Redikop.  His report is hearsay and was never designated as a non-retained expert. FRE 402 and 403.

• Antonio Ybarra-  Defendants never identified this individual as a witness that they "may use to support its claims or defenses, unless the use would be solely for impeachment" pursuant to Fed. R. Civ. P. 26(a)(1)(A)(i), precluding Plaintiffs

from the opportunity to conduct discovery as to Mr. Ybarra.  Not relevant to the extent the information contained in his report was unknown to the offices at the time of the incident. FRE 402 and 403.

• Michael Shanahan- Defendants never identified this individual as a witness that they "may use to support its claims or defenses, unless the use would be solely for impeachment" pursuant to Fed. R. Civ. P. 26(a)(1)(A)(i), precluding Plaintiffs from the opportunity to conduct discovery as to Mr. Shanahan.  Not relevant to the extent the information contained in his report was unknown to the offices at the time of the incident. FRE 402 and 403.

• Heather Scott- Defendants never identified this individual as a witness that they "may use to support its claims or defenses, unless the use would be solely for impeachment" pursuant to Fed. R. Civ. P. 26(a)(1)(A)(i), precluding Plaintiffs from the opportunity to conduct discovery as to Ms. Kruse.  Not relevant to the extent the information contained in her report was unknown to the offices at the time of the incident. FRE 402 and 403.

• Janello Mayo- Defendants never identified this individual as a witness that they "may use to support its claims or defenses, unless the use would be solely for impeachment" pursuant to Fed. R. Civ. P. 26(a)(1)(A)(i), precluding Plaintiffs from the opportunity to conduct discovery as to Ms. Mayo.  Not relevant to the extent the information contained in her report was unknown to the offices at the time of the incident. FRE 402 and 403.

• Angela Chelius Defendants never identified this individual as a witness  that they "may use to support its claims or defenses, unless the use would be solely for impeachment" pursuant to Fed. R. Civ. P. 26(a)(1)(A)(i), precluding Plaintiffs from the opportunity to conduct discovery as to Ms. Chelius.  Her report is hearsay and it contains information that was unknown to the officers at the time of the incident, such as the 911 calls.  The Defendant Officers did not hear the 911 calls prior to arriving and instead only had the information provided by the dispatch and the car's

1   onboard computer.  FRE 402 and 403.

2   •   Vincent Fernando- Defendants never identified this individual as a witness

3   that they "may use to support its claims or defenses, unless the use would be solely

4   for impeachment" pursuant to Fed. R. Civ. P. 26(a)(1)(A)(i), precluding Plaintiffs

5   from the opportunity to conduct discovery as to Mr. Fernando.  His report is

6   hearsay and contains information that was unknown to the officers at the time of

7   the incident.

8   •   Matthew Lucas- Defendants never identified this individual as a witness that

9   they "may use to support its claims or defenses, unless the use would be solely for

10  impeachment" pursuant to Fed. R. Civ. P. 26(a)(1)(A)(i), precluding Plaintiffs from

11  the opportunity to conduct discovery as to Mr. Lucas.

12  •   Brian Smith- Defendants never identified this individual as a witness that

13  they "may use to support its claims or defenses, unless the use would be solely for

14  impeachment" pursuant to Fed. R. Civ. P. 26(a)(1)(A)(i), precluding Plaintiffs from

15  the opportunity to conduct discovery as to Mr. Smith.

16  •   Zack Stout- Defendants never identified this individual as a witness that they

17  "may use to support its claims or defenses, unless the use would be solely for

18  impeachment" pursuant to Fed. R. Civ. P. 26(a)(1)(A)(i), precluding Plaintiffs from

19  the opportunity to conduct discovery as to Mr. Lucas.

20  •   Carolina Wilson- Defendants never identified this individual as a witness

21  that they "may use to support its claims or defenses, unless the use would be solely

22  for impeachment" pursuant to Fed. R. Civ. P. 26(a)(1)(A)(i), precluding Plaintiffs

23  from the opportunity to conduct discovery as to this individual.  Further, the subject

24  of her testimony was not known to the involved officers at the time of the incident.

25  To the extent that her testimony is only relevant to damages, Plaintiffs would

26  request to bifurcate liability from damages.

27  •   Philip Wilson- Defendants never identified this individual as a witness  that

28  they "may use to support its claims or defenses, unless the use would be solely for

1  impeachment" pursuant to Fed. R. Civ. P. 26(a)(1)(A)(i), precluding Plaintiffs from
2  the opportunity to conduct discovery as to this individual.  Further, the subject of
3  her testimony was not known to the involved officers at the time of the incident.
4  To the extent that her testimony is only relevant to damages, Plaintiffs would
5  request to bifurcate liability from damages.

6  •    Delia Wilson- Defendants never identified this individual as a witness  that
7  they "may use to support its claims or defenses, unless the use would be solely for
8  impeachment" pursuant to Fed. R. Civ. P. 26(a)(1)(A)(i), precluding Plaintiffs from
9  the opportunity to conduct discovery as to this individual.  Further, the subject of
10 her testimony was not known to the involved officers at the time of the incident.
11 To the extent that her testimony is only relevant to damages, Plaintiffs would
12 request to bifurcate liability from damages.

13 •    Deborah Wilson- Defendants never identified this individual as a witness
14 that they "may use to support its claims or defenses, unless the use would be solely
15 for impeachment" pursuant to Fed. R. Civ. P. 26(a)(1)(A)(i), precluding Plaintiffs
16 from the opportunity to conduct discovery as to this individual.  Further, the subject
17 of her testimony was not known to the involved officers at the time of the incident.
18 To the extent that her testimony is only relevant to damages, Plaintiffs would
19 request to bifurcate liability from damages.

20 •    Evelyn Konig- Defendants never identified this individual as a witness  that
21 they "may use to support its claims or defenses, unless the use would be solely for
22 impeachment" pursuant to Fed. R. Civ. P. 26(a)(1)(A)(i), precluding Plaintiffs from
23 the opportunity to conduct discovery as to Ms. Konig.  Further, the subject of her
24 testimony was not known to the involved officers at the time of the incident.  To the
25 extent that her testimony is only relevant to damages, Plaintiffs would request to
26 bifurcate liability from damages.

27 •    Cindy Reinstra- Defendants never identified this individual as a witness  that
28 they "may use to support its claims or defenses, unless the use would be solely for

1  impeachment" pursuant to Fed. R. Civ. P. 26(a)(1)(A)(i), precluding Plaintiffs from
2  the opportunity to conduct discovery as to Ms. Reinstra.  Further, the subject of her
3  testimony was not known to the involved officers at the time of the incident.  To the
4  extent that her testimony is only relevant to damages, Plaintiffs would request to
5  bifurcate liability from damages.

6  **PLAINTIFFS' OBJECTIONS TO DEFENDANTS' EXHIBITS**

7  • Witness List by Evan Davis- Objection, improper exhibit and hearsay.
8  • Officer Report by Joshua Lopez- Objection, hearsay.  FRE 403.
9  • Officer Report by Michael Shanahan- Objection, hearsay.  FRE 403.
10 • Officer Report by Janelle Mayo- Objection, hearsay.  FRE 403.
11 • Officer Report by Vincent Fernando- Objection, hearsay.  FRE 403.
12 • Officer Report by Jonathan Taylor- Objection, hearsay.  FRE 403.
13 • Officer Report by Darren Pierson- Objection, hearsay.  FRE 403.
14 • Officer Report by John McGough- Objection, hearsay.  FRE 403.
15 • Officer Report by Heather Scott- Objection, hearsay.  FRE 403.
16 • AMR Patient Care Report- Objection, hearsay.  FRE 403.
17 • Fire Department Report- Objection, hearsay.  FRE 403.
18 • Presumptive Test Results- [???]
19 • RAP Sheet- Objection.  Not relevant, not known to officers prior to the
20   incident.  If only relevant to damages, request to bifurcate liability
21   from damages.  FRE 403, 404 and Hearsay.
22 • Fax from City of San Diego to Det. Shanahan re Wilson with attached
23   SDPD Reports dated 3/12/17- Objection.  Not relevant, not known to
24   officers prior to the incident.  If only relevant to damages, request to
25   bifurcate liability from damages. FRE 403, 404 and Hearsay.
26 • 911 Calls Summary- Objection.  Not relevant, not known to officers
27   prior to the incident.  Involved officers do not hear the 911 calls, only
28   the what dispatch communicates and the onboard police cruiser

computer (MDT).  Hearsay

- Memo from Darren Pierson to Jose Tellez re Case Summary Ref; NCPD #1905167- Objection, hearsay and FRE 403.

- Autopsy Report.  Hearsay.

- Medical Examiner's Report- Objection, hearsay, not relevant to the extent it contains information that was unknown to the police officers at the time of the incident.  FRE 402 and 403.

- Letter from DA Fiona Dunleavy to Charles Stevens.  Objection. Hearsay, FRE 402 and 403.  Subject to motion in limine to exclude DA findings and decision not to prosecute.

- Letter from DA Fiona Dunleavy to Jonathan Taylor.  Objection. Hearsay, FRE 402 and 403.  Subject to motion in limine to exclude DA findings and decision not to prosecute.

- Letter from DA Fiona Dunleavy to Evan Davis. Objection.  Hearsay, FRE 402 and 403.  Subject to motion in limine to exclude DA findings and decision not to prosecute.

- Letter from District Attorney.  Objection.  Hearsay, FRE 402 and 403. Subject to motion in limine to exclude DA findings and decision not to prosecute.

- Investigator's Report by Detective Pierson- Objection, hearsay, not relevant because contains information not known to officers at the time of the incident.  FRE 402 and 403.

- Crime Lab Work Request-  Objection.  Hearsay.

- Property Release Form- Objection.  Hearsay.

- Field Property Receipt & Release Form- Objection.  Hearsay

- IA Complaint and Tracking Form- Objection.  Hearsay, FRE 402 and 403.  Subject to motion in limine to exclude findings from the National City Police Department, including whether was within

policy, lawful, reasonable, justified and with probable cause and
reasonable suspicion.

- Letter from DA Fiona Dunleavy to Charles Stevens- Objection.
  Hearsay, FRE 402 and 403.  Subject to motion in limine to exclude
  DA findings and decision not to prosecute.

- Letter from DA Fiona Dunleavy to Jonathan Taylor- Objection.
  Hearsay, FRE 402 and 403.  Subject to motion in limine to exclude
  DA findings and decision not to prosecute.

- Letter from DA Fiona Dunleavy to Evan Davis- Objection.  Hearsay,
  FRE 402 and 403.  Subject to motion in limine to exclude DA findings
  and decision not to prosecute.

- Email from Vincent Fernando to Vanessa Castro re Copies of CDs-
  Objection.  Hearsay.

- Email from Vincent Fernando to Vanessa Castro re 1905167-
  Objection.  Hearsay.

- Letter from Jennifer Gilman to Emily Howe re Public Records Request
  with attachments- Objection.  Hearsay.

- Letter from Jennifer Gilman to Emily Howe re Public Records Request
  with attachments - Objection.  Hearsay.

OBJECTION TO PRETRIAL DISCLOSURES