LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo (Pro Hac Vice Ca. Bar No. 144074)
Eric Valenzuela (Pro Hac Vice Bar No. 284500)
21800 Burbank Boulevard, Suite 310
Woodland Hills, California 91367
Tel: (818) 347-3333 | Fax: (818) 347-4118
Email: dalekgalipo@yahoo.com, evalenzuela@galipolaw.com

Emily E. Howe, Esq. (SBN 293964)
Law Offices of Emily E. Howe
7710 Balboa Avenue, Suite 325
San Diego, California 92111
Telephone: (619) 800-6605
emh@howelaws.com

John Burton (SBN 86029)
THE LAW OFFICES OF JOHN BURTON
128 North Fair Oaks Avenue
Pasadena, California 91103
Telephone: (626) 449-8300
jb@johnburtonlaw.com

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOPHIA BHANDARI, et al., <br><br> Plaintiffs, <br><br> v. <br><br> NATIONAL CITY, et al., <br><br> Defendants. | Case No.: 21CV1652 BTM MDD <br><br> **PLAINTIFFS' OBJECTIONS TO DEFENDANTS' PRETRIAL DISCLOSURES** <br><br> <u>Final Pre-Trial Conference</u> <br> Date: November 9, 2023 <br> Time: 3:30 pm |

1     Plaintiffs hereby object to the following pretrial disclosures by the
2 Defendants:

### **PLAINTIFFS' OBJECTIONS TO DEFENDANTS' WITNESSES**

- Joshua David Kee Eira- Not relevant under FRE 402 to the extent that his observations were not known to the involved officers prior to the incident and were not communicated to the involved officers prior to the incident. Also objected to under FRE 403.
- Rami Tobiya- Not relevant under FRE 402 to the extent that his observations were not known to the involved officers prior to the incident and were not communicated to the involved officers prior to the incident. Also objected to under FRE 403.
- Aurora Reyes- Not relevant under FRE 402 to the extent that her observations were not known to the involved officers prior to the incident and were not communicated to the involved officers prior to the incident. Also objected to under FRE 403.
- Warlito Reyes- Not relevant under FRE 402 to the extent that his observations were not known to the involved officers prior to the incident and were not communicated to the involved officers prior to the incident. Also objected to under FRE 403, 404-406 as improper character evidence.
- Christopher Burton- Hearsay and not relevant to the extent that the information he acquired regarding the investigation was not known to the Defendant Officers at the time of the incident. Also objected to under FRE 402 and 403.
- Vivian Miramontes- Not relevant because the subject of her testimony is information that was not known to the involved officers at the time of the incident. Also objected to under FRE 402 and 403.
- Angel Reyes- Not relevant because the subject of their testimony is

information that was not known to the involved officers at the time of the incident. Also objected to under FRE 402 and 403.

- Susana Reyes- Not relevant because the subject of their testimony is information that was not known to the involved officers at the time of the incident. Also objected to under FRE 402 and 403.
- David Greenberg- Not relevant because this prior incident was not known to the Defendant Officers prior to the incident. Also objected to under FRE 402 and 403, and 404-406 as improper character evidence.
- Destiny Kruse- Not relevant because this prior incident was not known to the Defendant Officers prior to the incident. Also objected to under FRE 402 and 403, and 404-406 as improper character evidence.
- Joshua Johns-. Not relevant because this prior incident was not known to the Defendant Officers prior to the incident. Also objected to under FRE 402 and 403, and 404-406 as improper character evidence.
- Kevin Iwasaki- Not relevant because this prior incident was not known to the Defendant Officers prior to the incident. Also objected to under FRE 402 and 403, and 404-406 as improper character evidence.
- William Neal- Not relevant because this prior incident was not known to the Defendant Officers prior to the incident. Also objected to under FRE 402 and 403, and 404-406 as improper character evidence.
- Ismael Sanchez- Not relevant because this prior incident was not known to the Defendant Officers prior to the incident. Also objected to under FRE 402 and 403, and 404-406 as improper character evidence.
- Arthur Scott- Not relevant because this prior incident was not known to the Defendant Officers prior to the incident. Also objected to under FRE 402 and 403, and 404-406 as improper character evidence.
- Brenda Calvario- Not relevant because this prior incident was not known to the Defendant Officers prior to the incident. Also objected to under FRE 402 and 403,

1 and 404-406 as improper character evidence.

2 • Thomas Eglin- Not relevant, FRE 402 and 403. Plaintiffs intend to file a motion in limine to exclude the District Attorneys' findings and decision not file criminal charges.

• Stephen Marquardt- Not relevant, FRE 402 and 403. Plaintiffs intend to file a motion in limine to exclude the District Attorneys' findings and decision not file criminal charges.

• Summer Stephen- Not relevant, FRE 402 and 403. Plaintiffs intend to file a motion in limine to exclude the District Attorneys' findings and decision not file criminal charges.

• Joshua Lopez- His report is hearsay and was never designated as a non-retained expert, FRE 402 and 403.

• John McGough- His report is hearsay and was never designated as a non-retained expert, FRE 402 and 403.

• Darren Pierson- His report is hearsay and was never designated as a non-retained expert, FRE 402 and 403.

• Steve Villariasa- His report is hearsay and was never designated as a non-retained expert, FRE 402 and 403.

• Brian Redikop- His report is hearsay and was never designated as a non-retained expert, FRE 402 and 403.

• Antonio Ybarra- Not relevant to the extent the information contained in his report was unknown to the offices at the time of the incident, FRE 402 and 403.

• Michael Shanahan- Not relevant to the extent the information contained in his report was unknown to the offices at the time of the incident, FRE 402 and 403.

• Heather Scott- Not relevant to the extent the information contained in her report was unknown to the offices at the time of the incident, FRE 402 and 403.

• Janello Mayo- Not relevant to the extent the information contained in her report was unknown to the offices at the time of the incident, FRE 402 and 403.

1 • Angela Chelius- Her report is hearsay and it contains information that was
2 unknown to the officers at the time of the incident, such as the 911 calls. The
3 Defendant Officers did not hear the 911 calls prior to arriving and instead only had
4 the information provided by the dispatch and the car's onboard computer, FRE 402
5 and 403.
6 • Vincent Fernando- His report is hearsay and contains information that was
7 unknown to the officers at the time of the incident.
8 • Carolina Wilson- The subject of her testimony was not known to the
9 involved officers at the time of the incident. To the extent that her testimony is
10 only relevant to damages, Plaintiffs would request to bifurcate liability from
11 damages.
12 • Philip Wilson- The subject of her testimony was not known to the involved
13 officers at the time of the incident. To the extent that her testimony is only relevant
14 to damages, Plaintiffs would request to bifurcate liability from damages.
15 • Delia Wilson- The subject of her testimony was not known to the involved
16 officers at the time of the incident. To the extent that her testimony is only relevant
17 to damages, Plaintiffs would request to bifurcate liability from damages.
18 • Deborah Wilson- The subject of her testimony was not known to the
19 involved officers at the time of the incident. To the extent that her testimony is
20 only relevant to damages, Plaintiffs would request to bifurcate liability from
21 damages.
22 • Evelyn Konig- The subject of her testimony was not known to the involved
23 officers at the time of the incident. To the extent that her testimony is only relevant
24 to damages, Plaintiffs would request to bifurcate liability from damages.
25 • Cindy Reinstra- The subject of her testimony was not known to the involved
26 officers at the time of the incident. To the extent that her testimony is only relevant
27 to damages, Plaintiffs would request to bifurcate liability from damages.
28

**PLAINTIFFS' OBJECTIONS TO DEFENDANTS' EXHIBITS**

- Witness List by Evan Davis- Objection, improper exhibit and hearsay.
- Officer Report by Joshua Lopez- Objection, hearsay.  FRE 403.
- Officer Report by Michael Shanahan- Objection, hearsay.  FRE 403.
- Officer Report by Janelle Mayo- Objection, hearsay.  FRE 403.
- Officer Report by Vincent Fernando- Objection, hearsay.  FRE 403.
- Officer Report by Jonathan Taylor- Objection, hearsay.  FRE 403.
- Officer Report by Darren Pierson- Objection, hearsay.  FRE 403.
- Officer Report by John McGough- Objection, hearsay.  FRE 403.
- Officer Report by Heather Scott- Objection, hearsay.  FRE 403.
- AMR Patient Care Report- Objection, hearsay.  FRE 403.
- Fire Department Report- Objection, hearsay.  FRE 403.
- Presumptive Test Results- Objection, hearsay.  FRE 403.
- RAP Sheet- Objection.  Not relevant, not known to officers prior to the incident.  If only relevant to damages, request to bifurcate liability from damages.  FRE 403, 404 and Hearsay.
- Fax from City of San Diego to Det. Shanahan re Wilson with attached SDPD Reports dated 3/12/17- Objection.  Not relevant, not known to officers prior to the incident.  If only relevant to damages, request to bifurcate liability from damages. FRE 403, 404 and Hearsay.
- 911 Calls Summary- Objection.  Not relevant, not known to officers prior to the incident.  Involved officers do not hear the 911 calls, only the what dispatch communicates and the onboard police cruiser computer (MDT).  Hearsay
- Memo from Darren Pierson to Jose Tellez re Case Summary Ref; NCPD #1905167- Objection, hearsay and FRE 403.
- Autopsy Report.  Hearsay.
- Medical Examiner's Report- Objection, hearsay, not relevant to the

extent it contains information that was unknown to the police officers at the time of the incident.  FRE 402 and 403.

- Letter from DA Fiona Dunleavy to Charles Stevens.  Objection.  Hearsay, FRE 402 and 403.  Subject to motion in limine to exclude DA findings and decision not to prosecute.
- Letter from DA Fiona Dunleavy to Jonathan Taylor.  Objection.  Hearsay, FRE 402 and 403.  Subject to motion in limine to exclude DA findings and decision not to prosecute.
- Letter from DA Fiona Dunleavy to Evan Davis. Objection.  Hearsay, FRE 402 and 403.  Subject to motion in limine to exclude DA findings and decision not to prosecute.
- Letter from District Attorney.  Objection.  Hearsay, FRE 402 and 403.  Subject to motion in limine to exclude DA findings and decision not to prosecute.
- Investigator's Report by Detective Pierson- Objection, hearsay, not relevant because contains information not known to officers at the time of the incident.  FRE 402 and 403.
- Crime Lab Work Request- Objection. Hearsay.
- Property Release Form- Objection.  Hearsay.
- Field Property Receipt & Release Form- Objection.  Hearsay
- IA Complaint and Tracking Form- Objection.  Hearsay, FRE 402 and 403.  Subject to motion in limine to exclude findings from the National City Police Department, including whether was within policy, lawful, reasonable, justified and with probable cause and reasonable suspicion.
- Letter from DA Fiona Dunleavy to Charles Stevens- Objection.  Hearsay, FRE 402 and 403.  Subject to motion in limine to exclude DA findings and decision not to prosecute.

1
2
3
4
5
6
7
8
9
10
11
12
13
14

- Letter from DA Fiona Dunleavy to Jonathan Taylor- Objection. Hearsay, FRE 402 and 403. Subject to motion in limine to exclude DA findings and decision not to prosecute.
- Letter from DA Fiona Dunleavy to Evan Davis- Objection. Hearsay, FRE 402 and 403. Subject to motion in limine to exclude DA findings and decision not to prosecute.
- Email from Vincent Fernando to Vanessa Castro re Copies of CDs- Objection. Hearsay.
- Email from Vincent Fernando to Vanessa Castro re 1905167- Objection. Hearsay.
- Letter from Jennifer Gilman to Emily Howe re Public Records Request with attachments- Objection. Hearsay.
- Letter from Jennifer Gilman to Emily Howe re Public Records Request with attachments - Objection. Hearsay.

15
16
17
18
19
20
21
22
23
24
25
26
27
28